UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAM WATKINS ELLIS,<br>Plaintiff,<br>v.<br>CITIZENS BANK, N.A., a national banking Association,<br>Defendant. | Case No. 2:26-cv-2155-DAD-JDP (PS)<br><br>ORDER |

Plaintiff Michael William Watkins Ellis brings this action against Citizens Bank N.A. ("Citizens" or "defendant"), alleging that defendant failed to reasonably investigate his dispute regarding his Citizens account. Plaintiff's claims, as articulated, are not cognizable. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's *in forma pauperis* application, ECF No. 2, which makes the required showing. Lastly, I will deny as moot plaintiff's motion for leave to file the second amended complaint since he has already filed it.[1]

---

[1] The parties have filed a stipulation and proposed order to extend defendant's time to respond to the operative complaint. ECF No. 8. However, because plaintiff is proceeding *in forma pauperis*, the court must first screen the complaint and dismiss any causes of action that, *inter alia*, fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because plaintiff's complaint has yet to be screened, I decline to issue the parties' proposed order, ECF No. 8. *See Gibbons v. Arpaio*, 2007 WL 2990151, *2 (D. Az. Oct. 11, 2007) (dismissing as premature a motion to dismiss that was filed before screening order issued).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

In the second amended complaint[2], plaintiff alleges that he executed a contract with "Wyndham for the purchase of 200,000 perpetual ClubWyndham Access points for a purchase price of $29,900.00" in April 2024. ECF No. 7 ¶ 7. Plaintiff's $6,074.80 down payment "was financed through a Citizens Pay Line of Credit" that was opened the same day he executed the contract with Wyndham. *Id.* ¶ 9. Plaintiff alleges that he did not sign a separate credit agreement with Citizens, and that defendant has confirmed that "Citizens finances the down payment to purchase Wyndham Destination Points" and that plaintiff must "contact Wyndham with any concerns or disputes regarding [his] account opening or cancellation." *Id.* ¶¶ 10-11.

Plaintiff alleges that his Citizens account became delinquent in or around June 2024 and was "charged off" in or around November 2024 with a balance of $6,074.80, indicating that plaintiff had not made any payments on the account before it became delinquent. *See id.* ¶ 12. He further alleges that "[a]ccount-level payment history produced by Citizens reflects no payment received against the account from the date of first delinquency forward, notwithstanding multiple scheduled installment amounts shown on the same records." *Id.* ¶ 13. Plaintiff's Citizens account was then placed with a third-party debt collector. *Id.* ¶ 14.

Plaintiff alleges that he "timely disputed the Citizens Pay Account with each of the three nationwide consumer reporting agencies," namely, Equifax, Experian, and Trans Union. *Id.* ¶ 15. Plaintiff pleads that Equifax "permanently deleted the Citizens Pay tradeline from Plaintiff's file," Trans Union verified the accuracy of plaintiff's Citizens account, and Experian conducted an

[2] Plaintiff filed the complaint on June 15, 2026. ECF No. 1. He filed the first amended complaint the following day. ECF No. 3. The first amended complaint is proper under Federal Rule of Civil Procedure 15, which allows one amendment "as a matter of course" no later than twenty-one days of service. *See* Fed. R. Civ. P. 15(a)(1)(A). Since plaintiff had not yet served the complaint, he was allowed to amend "as a matter of course," and thus the first amended complaint was proper. *See id.* However, plaintiff then filed the second amended complaint on June 25, 2026. ECF No. 7. This amended complaint was not properly filed, since plaintiff now requires leave of court or the opposing party's consent to amend. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff is reminded of his obligation to comply with the Federal Rules of Civil Procedure in prosecuting this action. *See* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

investigation and did not alter plaintiff's credit report listing the Citizens account. *Id.* ¶¶ 16-18. As a result of two credit reporting agencies continuing to show the Citizens account, plaintiff alleges that he has been denied lines of credit. *Id.* ¶¶ 21-25.

Plaintiff brings two causes of action. First, he proceeds under the Fair Credit Reporting Act ("FCRA"), asserting that defendant failed to conduct a reasonable investigation as required under 15 U.S.C. § 1681s-2(b). *Id.* ¶¶ 27-33. The Court of Appeals has held that, to state a claim under the FCRA, a plaintiff must first "make a 'prima facie showing of inaccurate reporting'" by the defendant. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). "This order of proof makes sense: if there is no inaccuracy, then the reasonableness of the investigation is not in play." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022). The Court of Appeals has held that "information is inaccurate for purposes of 15 U.S.C. § 1681s-2(b) where it either is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

Here, plaintiff does not allege that defendant furnished information about his account that was "patently incorrect" or misleading. *See id.* As noted, plaintiff pleads that his Citizens account became delinquent around June 2024 and was charged off around November 2024 with the same balance as incurred on the first day it opened ($6,074.80), indicating that plaintiff had not made any payments on the account before it became delinquent. *See* ECF No. 7 ¶ 12. Moreover, he does not contest that "[a]ccount-level payment history produced by Citizens reflects no payment received against the account from the date of first delinquency forward . . . ." *See id.* ¶ 13. Plaintiff does allege that there were "multiple scheduled installment amounts shown on the same records." *Id.* However, plaintiff having scheduled future payments does not establish that defendant reported inaccurate information when it transmitted to reporting agencies that plaintiff had yet to make any payments. Plaintiff does not provide any other factual allegations about these "multiple scheduled installment amounts" or otherwise plausibly state that defendant reported inaccurate information. *See id.* And, as noted, plaintiff acknowledges that these

scheduled payments were "shown on the same records" produced by defendant. *See id*.

Accordingly, because plaintiff fails to make a prima facie case that defendant reported inaccurate information, his FCRA claim is not cognizable. *See Shaw*, 891 F.3d at 756.

Plaintiff's second claim is for declaratory relief and rescission under the Federal Trade Commission's Holder Rule. ECF No. 7 ¶¶ 34-37. The Holder Rule provides that a "holder of [a] consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof." 16 C.F.R. § 433.2(a) (emphasis omitted). However, the Holder Rule does not provide a private right of action.

In *Kilgore*, the Court of Appeals recognized that the plaintiffs in that case were not asserting that "the Holder Rule gives rise to a private cause of action" and instead sought "to vindicate this right through their state law claim." *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1056 n.3 (9th Cir. 2013). The court cited with approval a decision by the Court of Appeals for the D.C. Circuit. *See id*. (citing *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988-89 (D.C. Cir. 1973)). In *Holloway*, the court held that members of the public do not have a private right of action to enforce any requirements contained in the Federal Trade Commission Act because, in passing this statute, Congress "did not contemplate or intend such a private right of action." *Holloway*, 485 F.3d at 988-89. As such, the *Kilgore* court implicitly acknowledged that the Holder Rule does not create a private cause of action.

To be sure, the Court of Appeals has long held that there is no private cause of action under the Federal Trade Commission Act, and that the statute "rests initial remedial power solely in the Federal Trade Commission." *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (citing *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973)). And other courts in this Circuit have specifically found that the Holder Rule does not create a private cause of action. *See Phillips v. Lithia Motors, Inc.*, No. 03-cv-3109-HO, 2005 WL 1278850, at *5 (D. Or. May 25, 2005); *Keams v. Tempe Tech. Inst., Inc.*, 993 F. Supp. 714, 722 (D. Ariz. 1997).

Accordingly, plaintiff's claim pursuant to 16 C.F.R. § 433.2 is not cognizable.

The complaint is dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, his claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled “Third Amended Complaint” and be filed within fourteen days of this order’s entry.

Accordingly, it is ORDERED that:

1. Plaintiff’s second amended complaint, ECF No. 7, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff’s application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

6. Plaintiff’s motion for leave to file the second amended complaint, ECF No. 4, is DENIED as moot by the filing of the second amended complaint.

IT IS SO ORDERED.

Dated: August 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE